**JUDGE BAER**

**08 CV 03292**

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
EASTWIND MARITIME S.A.
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

RECEIVED
APR 02 2008
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EASTWIND MARITIME S.A.,

               Plaintiff,

        v.

TONNEVOLD REEFER 7 KS,
a/ka TONNEVOLD REEFER 2 KS,
a/ka/ TONNEVOLD REEFER 4 KS,
a/k/a O.T. TONNEVOLD AS,
a/k/a TONNEVOLD OT,

               Defendant.
------------------------------------------------------------X

08 CV _____ ( ___ )

**VERIFIED COMPLAINT**

      Plaintiff EASTWIND MARITIME S.A. (hereinafter "EASTWIND"), by its attorneys, Chalos, O'Connor & Duffy, as and for its Verified Complaint against the Defendant, TONNEVOLD REEFER 7 KS a/ka TONNEVOLD REEFER 2 KS a/ka TONNEVOLD REEFER 4 KS a/ka/ O.T. TONNEVOLD AS, a/k/a TONNEVOLD OT (hereinafter referred to collectively as "TONNEVOLD"), alleges upon information and belief as follows:

## JURISDICTION

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and the district court has original subject matter jurisdiction, exclusive of the states, pursuant to 28 U.S.C. § 1333.

## THE PARTIES

2. At all times material hereto, Plaintiff EASTWIND was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, but operating from the offices of the Eastwind Group in the United States at 444 Madison Avenue, New York, New York, 10022.

3. The plaintiff EASTWIND is engaged in the business of chartering and operating vessels for the carriage of goods by sea.

4. At all times material hereto, the defendant TONNEVOLD was and still is a foreign business entity duly organized and existing pursuant to the laws of Norway with a place of business at 1 Odden, Grimstad, Norway.

5. The defendant TONNEVOLD is the registered owner of the vessel M/V THORGULL, and the primary business of TONNEVOLD is to charter the M/V THORGULL to others for the carriage of cargo in exchange for payments of hire or freight.

6. The underlying maritime contract described hereinafter was originally entered into by the defendant TONNEVOLD under the name of Tonnevold Reefer 7 KS, but TONNEVOLD has at various times referred to itself as Tonnevold Reefer 2 KS, O.T. Tonnevold AS and Tonnevold OT such that each of those other names are aliases or they

are the alter ego of the registered Owner of the M/V THORGULL and, therefore, each of them is a party to the underlying maritime contract or, otherwise, liable for the debts of Tonnevold Reefer 7 KS pursuant to the underlying maritime contract.

## AS AND FOR A CAUSE OF ACTION
## FOR BREACH OF MARITIME CONTRACT

7. On December 6, 2006, defendant TONNEVOLD, as owner of the ocean-going vessel M/V THROGULL, entered into a charter party contract with the predecessor in interest of plaintiff EASTWIND, Eco Shipping Ltd., as charterer.

8. That charter party was continued three times with addendums agreed to between plaintiff EASTWIND and defendant TONNEVOLD with no mention of the Eco Shipping Ltd. thus effectually novating the charter party and making them each a maritime contract between EASTWIND and TONNEVOLD.

9. The third addendum continuing the charter party between the parties, Addendum No. 3 dated July 19, 2007, was a maritime contract for the continuation of the charter party whereby plaintiff EASTWIND hired the M/V THORGULL to carry a cargo of cocoa being shipped from Panjang, Malaysia to Buenaventura, Colombia.

10. The charter party contract between plaintiff EASTWIND and defendant TONNEVOLD is a maritime contract.

11. Throughout the course off the charter and, particularly so, with respect to the voyage from Penjang to Buenaventura, the plaintiff Eastwind made regular and timely hire payments to the defendant Tonnevold.

12. At the conclusion of the charter, and consistent with a final accounting that took into account deductions of hire for off-hire periods, allowances for fuel used

while off-hire, fuel that had been supplied to the vessel by Eastwind and other miscellaneous deductions for expenses that were for the account of the vessel Owner, there was a balance due and owing to the charterer, plaintiff EASTWIND, of US$180,946.04, plus an additional US$116,802.00 that represented an over consumption of fuel used by the vessel from what the vessel's fuel consumption was represented to be in the charter party.

13. Despite due demand, the defendant TONNEVOLD has failed to pay the $297,748.04 that is due and owing to the plaintiff EASTWIND pursuant to the terms of the charter party.

14. TONNEVOLD's failure to make timely payment of the outstanding balance when it became due constitutes a breach of the charter party and, therefore, plaintiff EASTWIND has a maritime claim against the defendant TONNEVOLD for breach of charter party in the principal amount of $297,748.04.

15. The charter party contract between EASTWIND and TONNEVOLD provides, at Clause 22, that any disputes arising out of the maritime contract shall be governed by English law and shall be referred to arbitration in London.

16. Interest and costs, including attorneys' fees, are routinely awarded to the prevailing party in London arbitration because they are recoverable damages in arbitration pursuant to the London Maritime Arbitration Association's rules.

17. In accordance with the terms and conditions of the charter party, the plaintiff EASTWIND is preparing to initiate arbitration proceedings against defendant TONNEVOLD in London.

18. As best as can now be estimated, the plaintiff EASTWIND expects to recover the following amounts in London arbitration from defendant TONNEVOLD:

| | | |
|---|---|---|
| A. | Principal claim | $297,748.04 |
| B. | Estimated interest on claims: 3 years at 8%, compounded quarterly | $ 79,868.44 |
| C. | Estimated attorneys' fees: | $ 50,000.00 |
| D. | Estimated arbitration costs/expenses: | $ 25,000.00 |
| **Total** | | **$452,616.48** |

PRAYER FOR RELIEF

19. Notwithstanding the fact that the liability of the defendant is subject to determination by arbitration in London, there are now, or will be during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the defendant within this District and held by various parties, as garnishees.

20. Plaintiff EASTWIND believes that some of these assets, *to wit*: bank accounts; freight and/or hire payments from other charterers or shippers of cargo; and/or Clearing House Interbank Payment System (CHIPS) credits; and/or funds being transferred through intermediary banks are located in this District in the possession of garnishees, namely banks or financial institutions located in New York.

21. As set forth in the accompanying affidavit of Owen F. Duffy, the defendant cannot be found within this District within the meaning of Rule B of the

Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure.

221.    Because this Verified Complaint sets forth an *in personam* maritime claim against the defendant and because the defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure, the requirements for a Rule B attachment and garnishment are met and Plaintiff seeks the issuance of process of maritime attachment so that it may obtain security for its claims against the defendant and/or *quasi in rem* jurisdiction over the property of the defendant so that an eventual judgment and/or award can be satisfied.

WHEREFORE, Plaintiff prays as follows:

A.    That the defendant be summoned to appear and answer this Verified Complaint;

B.    That the defendant not being found within this District, as set forth in the Affidavit of Owen F. Duffy, then all of its assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the defendant within this District up to the amount sued for herein be attached pursuant to Supplemental Rule B and to pay Plaintiff's damages;

C.    That this Court retain jurisdiction over this matter through the entry of a judgment either by this Court, and/or the London arbitration panel, so that judgment may be entered in favor of Plaintiff for the amount of its claim with costs, *i.e.* **$452,616.48,**

and that a judgment of condemnation and sale be entered against the property arrested and attached herein in the amount of Plaintiff's claim, plus costs to be paid out of the proceeds thereof; and

D.   That Plaintiff has such other and further relief as the Court may determine to be just and proper under the circumstances.

Dated: Port Washington, New York
April 2, 2008

                                  CHALOS, O'CONNOR & DUFFY, LLP
                                  Attorneys for Plaintiff,
                                  EASTWIND MARITIME S.A.

By: _____
      George E. Murray (GM-4172)
      Owen F. Duffy (OD-3144)
      366 Main Street
      Port Washington, New York 11050
      Tel: (516) 767-3600
      Fax: (516) 767-3605

7


CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
EASTWIND MARITIME S.A.
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EASTWIND MARITIME S.A.,

                Plaintiff,

                08 CV _____ (___)

   v.

**VERIFICATION**

TONNEVOLD REEFER 7 KS,
a/ka TONNEVOLD REEFER 2 KS,
a/ka/ TONNEVOLD REEFER 4 KS,
a/k/a O.T. TONNEVOLD AS,
a/k/a TONNEVOLD OT,

                Defendant.
------------------------------------------------------------X
STATE OF NEW YORK   :
                              : ss.
COUNTY OF NASSAU   :

     BEFORE ME, the undersigned authority, personally came and appeared George E. Murray, who, after being duly sworn, did depose and state:

     1.     That he is an associate in the law firm of Chalos, O'Connor & Duffy LLP, counsel for the Plaintiff, EASTWIND MARITIME S.A., herein;

     2.     That he has read the foregoing complaint and knows the contents thereof;

3. That he believes the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys; and

4. That the reason that this verification was made by deponent and not by the Plaintiff is because the officers' verification of Plaintiff could not be obtained within the time constraints presented by the circumstances of this case.

Dated: Port Washington, New York
April 2, 2008

By:

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
EASTWIND MARITIME S.A.

George E. Murray (GM-4172)
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605

Subscribed and sworn to before me this
April 2, 2008

_____
Notary Public, State of New York

TIMOTHY SEMENORO
NOTARY PUBLIC, STATE OF NEW YORK
NO. 02SE6112804
QUALIFIED IN NASSAU COUNTY
COMMISSION EXPIRES JULY 12, 2008